UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | FILE NO. 5:18-CV-125-BR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS E. BEVERLY, SR., | ) | |
| HOUSE OF LIGHTS, INC. PENSION PLAN | ) | |
| & TRUST, and HOUSE OF LIGHTS, INC. | ) | |
| PROFIT SHARING PLAN. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to his authority under §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants **Mr. Thomas E. Beverly, Sr. (" Defendant Mr. Beverly), House of Lights, Inc. Pension Plan & Trust**, and **House of Lights Inc. Profit Sharing Plan**

1

**(collectively "the Plan)**[1]. The Secretary named the Plan as a Defendant pursuant to Fed. R. Civ. P. 19(a). Upon entry of this Consent Judgment, the Plan may be dismissed without prejudice. Defendant and the Secretary have agreed to resolve all matters in controversy in this action except for the imposition by the Secretary of any penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), and any proceedings related thereto, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

      A.    The Secretary's Complaint alleges that Defendant Mr. Beverly breached his fiduciary duties with respect to the Plan by failing to discharge his duties under the Plan and by violating provisions of §§ 403, 404 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104 and 1106, as set forth in the Complaint.

      B.    Defendant Mr. Beverly hereby admits to the jurisdiction of the Court over him and over the subject matter of this action. Defendant Mr. Beverly admits that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

      C.    Defendant Mr. Beverly admits each and every allegation in the Complaint.

---

[1] On October 25, 2010, the Company adopted a profit sharing plan, called House of Lights Inc. Profit Sharing Plan.

D. Defendant Mr. Beverly admits that he is, or was at all times relevant to this action, acting as a fiduciary within the meaning of 11 U.S.C. § 523(a)(4). Defendant Mr. Beverly further admits that his conduct with respect to the Plan and with respect to Plan assets constitutes defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4). Defendant Mr. Beverly further admits, therefore, that the debt arising from his fiduciary breaches is non-dischargeable under the Bankruptcy Code.

E. Defendant Mr. Beverly expressly waives any and all claims of whatsoever nature that he has or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

F. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendant Mr. Beverly. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendant Mr. Beverly.

G. The Secretary and Defendant Mr. Beverly expressly waive

---

The House of Lights, Inc. Pension Plan & Trust then merged with the House of Light's Inc. Profit Sharing Plan.

Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendant Mr. Beverly, his agents, servants, employees and all persons in active concert or participation with him be and they hereby are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendant Mr. Beverly be and he hereby is permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

4. As a result of his fiduciary breaches, Defendant Mr. Beverly has caused the Plan losses of $1,304,157.42, plus lost earnings on those funds of $309,640.81 through April 30, 2018, calculated at the higher of the applicable Internal Revenue Code section 6621 Rate for which he is jointly and severally liable.

5. Defendant Mr. Beverly shall make as restitution to the Plan the sum of $1,613,798.23 ("Restitution Payment") to be allocated to the accounts of all the participants and beneficiaries and former participants and beneficiaries with the exception that none of said sum shall be allocated to the account of Defendant Mr. Beverly. In the event that Defendant Mr. Beverly fails to make restitution in the amount ordered, post judgment interest shall be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

6. Defendant Mr. Beverly represents and warrants that he is presently selling unimproved land, located in Johnston County, North Carolina, consisting of approximately 204.36 acres, having North Carolina PIN Nos. 164300381113 and 164300172146 (the "Land Sale") and Defendant Mr. Beverly further represents and warrants that the closing on the Land Sale shall occur no later than August 15, 2018. Defendant Mr. Beverly shall make the Restitution Payment using his proceeds from the Land Sale, no later than fifteen days from the closing or August 15, 2018, whichever is earlier. Defendant Mr. Beverly shall further inform the counsel for the Secretary when the Land Sale has been closed and/or if the closing is postponed.

7. The parties agree that the Secretary, acting on behalf of the Plan,

may attach a lien on the property that is subject to the Land Sale to secure judgment. The parties further agree that Defendant Mr. Beverly's obligation to make the Restitution Payment by August 15, 2018, or the effect of this Judgment is not conditioned upon the Land Sale, and that if the Land Sale is not consummated, the Secretary may seek additional collection activity or pursue contempt of this Court's Order against Defendant Mr. Beverly.

8. Defendant Mr. Beverly agrees that he is not entitled to any participant interest in any existing or future assets of the Plan, as he withdrew an amount equal to and/or greater than what he was entitled to while acting as Plan Fiduciary. A full executed copy of this Consent Judgment and Order shall be maintained by the Plan administrator with all other documents and instruments governing the Plan.

9. Once the corrective actions required in this Consent Judgment and Order are complied with, the Secretary is required to assess a civil penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The penalty under § 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is the amount specified in paragraph 5. The parties further agree that nothing contained in the Consent Judgment and Order will prevent Defendant Mr. Beverly from seeking waiver

and/or reduction of the penalty pursuant to § 502(l).

10. AMI Benefit Plan Administrators, Inc., 100 Terra Bella Drive, Youngstown, OH 44505, is appointed as Successor Fiduciary ("the Successor Fiduciary") for the Plan and:

    a. The Successor Fiduciary shall collect, marshal, and administer all of the Plan's assets and take such further actions with respect to the Plan as may be appropriate.

    b. The Successor Fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the successor fiduciary's duties.

    c. The Successor Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

    d. The Successor Fiduciary shall be entitled to receive reasonable fees and expenses for his services, payable from the assets of the Plan. Defendant Mr. Beverly shall be responsible for reimbursing the Plan for the entire successor fiduciary's reasonable fees and expenses with respect to services performed for the Plan. Prior to obtaining payment for services and expenses authorized pursuant to this Consent Judgment, the successor fiduciary shall file with the Court invoices for such fees and expenses at such times and on such a schedule

as the Successor Fiduciary, in his sole discretion, deems appropriate.

   e. Upon service of any invoice, the parties will have fifteen (15) days to file any objections. The full payment of such invoice shall be made by Defendant Mr. Beverly to the Plan, and received by the Successor Fiduciary, not later than the 16th day following the date of the invoice. Interest shall accrue on any past due amount at the rate of 18% per annum, compounded daily. Defendant Mr. Beverly shall be responsible, jointly and severally, for all costs, including reasonable attorneys' fees and expenses, incurred by the Successor Fiduciary and/or the Plan in the course of collecting such past due amounts. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment.

   f. Defendant Mr. Beverly shall deliver or otherwise make available to the Successor Fiduciary any information, documents, files or other compilations, wherever and however stored that are reasonably necessary to perform the duties of the Successor Fiduciary.

   g. The Successor Fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

   h. The Successor Fiduciary in the performance of its duties may retain such assistance as it may require, including attorneys, accountants, actuaries and other service providers;

i. The payment of administrative expenses and all fees to the Successor Fiduciary, its assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Plan;

j. The Successor Fiduciary or its agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured or vested prior to the appointment of the successor fiduciary;

k. The Successor Fiduciary is to comply with all applicable rules and laws.

11. This Consent Judgment and Order resolves all claims of Plaintiff's Complaint with the following exceptions:

a. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under § 502 (l) of the Act.

b. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

12. Each party shall bear his own costs and expenses, including

attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This __11__ day of __April__, 2018.

*[signature]*

Senior   UNITED STATES DISTRICT JUDGE
Eastern District of North Carolina

Defendants consents to entry
of the foregoing Judgment:

Plaintiff moves entry of
the foregoing Judgment:

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: *[signature]*
JASON TUTTLE
Attorney for Defendant

By: *[signature]*
SHELLY C. ANAND
Trial Attorney

Everett Gaskins Hancock LLP
220 Fayetteville Street, Suite 300
P.O. Box 911
Raleigh, North Carolina 27602
Phone: (919) 755-0025
Facsimile: (919) 755-0009
jason@eghlaw.com

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff
61 Forsyth Street, S.W., Rm. 7T10
Atlanta, GA 30303
Telephone: (404) 302-5435
(404) 302-5438 (FAX)
anand.shelly.c@dol.gov

SOL Case No. 16-00884